1    ALAN R. SMITH, ESQ.
     Nevada Bar No. 1449
2    Law Offices of Alan R. Smith
     505 Ridge Street                          *ELECTRONICALLY FILED*
3    Reno, Nevada  89501                          *December 17, 2010*
     Telephone (775) 786-4579
4    Facsimile (775) 786-3066
     *Email:* ***mail@asmithlaw.com***
5
     Attorney for Debtor
6

7

8                UNITED STATES BANKRUPTCY COURT

9                     DISTRICT OF NEVADA

10                        —ooOoo—

11   In Re:                            Case No. BK-N-09-53905-GWZ
                                       Chapter 11
12   JOSEPH W. ARRIOLA, SR.,

13          Debtor.                    Hearing Date:  (*To Be Scheduled*
                                       Hearing Time:  *After DS Approval*)
     _____/
14

15

16

17                     DEBTOR'S
18            PLAN OF REORGANIZATION

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2    1.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3    2.    DEFINITIONS .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    3.    CLAIMS AND INTERESTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5          3.1    Classification of Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6          3.2    Unimpaired Classes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7    4.    TREATMENT OF CLAIMS AND INTERESTS . . . . . . . . . . . . . . . . . . . . . . . . . 5

8          4.1    Class 1 (BAC-1 Secured Claim) (Del Rio Property) . . . . . . . . . . . . . . . . . 5

9          4.2    Class 2 (BAC-2 Secured Claim) (Del Rio Property). . . . . . . . . . . . . . . . . . . 5

10         4.3    Class 3 (Wells Fargo Bank) (Forest Rd. Property). . . . . . . . . . . . . . . . . . . . 5

11         4.4    Class 4 (Evergreen Note Servicing) (Clough Rd. Property). . . . . . . . . . . . 6

12         4.5    Class 5 (Indy Mac Federal Bank) (Laguintas Property). . . . . . . . . . . . . . . 7

13         4.6    Class 6 (Seaside Funding Inc.) (H Street Property). . . . . . . . . . . . . . . . . . . 7

14         4.7    Class 7 (Ron and Jan Taylor) (Big Bear Blvd. Property). . . . . . . . . . . . . . 8

15         4.8    Class 8 (Wachovia Mortgage-1) (Seaside Property). . . . . . . . . . . . . . . . . . 9

16         4.9    Class 9 (Wachovia Mortgage-2) (Great Oak Property). . . . . . . . . . . . . . . 10

17         4.10   Class 10 (JP Morgan/Chase) (William Ave. Property). . . . . . . . . . . . . . . 10

18         4.11   Class 11 (Keybank). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19         4.12   Class 12 (GMAC). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

20         4.13   Class 13 (Unsecured Claims).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

21   5.    TREATMENT OF UNCLASSIFIED CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . 13

22         5.1    Administrative Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23         5.2    Priority Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24         5.3    Executory Contracts and Unexpired Leases. . . . . . . . . . . . . . . . . . . . . . . . 14

25         5.4    Fees to the United States Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26         5.5    Disputed Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

27   6.    MEANS OF IMPLEMENTING AND FUNDING THE PLAN . . . . . . . . . . . . . . 15

28         6.1    Funding of the Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -i-

6.2    Revesting of Assets of the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6.3    Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6.4    Post-Confirmation Management of the Debtor . . . . . . . . . . . . . . . . . . . . . 16

6.5    Post-Confirmation Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6.6    Post-Confirmation Default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

7.    FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN . . . . . . . . . . . . 16

8.    MISCELLANEOUS PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

9.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

10.    MODIFICATION OF PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada   89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                                    -ii-

1    **1.**    <u>**INTRODUCTION**</u>

2    Debtor, JOSEPH W. ARRIOLA, SR., an individual, (hereinafter "Debtor"), filed its

3    petition for relief under Chapter 11 of the Bankruptcy Code on November 2, 2009.   This

4    Plan of Reorganization  (the "Plan") is a proposal to creditors to resolve the debts owed on

5    the date of filing the petition.

6    The Plan must receive creditor approval and the Court must find that it meets the

7    requirements of the law in order to be confirmed.  If this Plan is not confirmed, then the

8    Court may allow:

9    A.    The case to be dismissed;

10    B.    The Debtor and others to draft another plan; or

11    C.    The case to be converted to a Chapter 7 proceeding, with the assets of the

12    Debtor being sold in liquidation and the proceeds distributed in accordance with the

13    Bankruptcy Code.

14    Creditors are reminded that the Debtor has prepared and filed a Disclosure Statement

15    that provides information about the Debtor and its past operations.

16    **2.**    <u>**DEFINITIONS**</u>

17    Whenever from the context it appears appropriate, each term stated in either the

18    singular or the plural shall include the singular and the plural, and pronouns stated in the

19    masculine, feminine or neuter gender shall include the masculine, the feminine and the

20    neuter.  Any capitalized term not defined herein that is defined in the Bankruptcy Code shall

21    have the meaning ascribed to it in the Bankruptcy Code.  Unless the context requires

22    otherwise, the following words and phrases shall have the meanings set forth below when

23    used in this Plan:

24    (A)    ***"Administrative Claims."***  Claims arising during the administration of both

25    Debtor's Chapter 11 cases entitled to priority under Section 507(a)(1) of the Bankruptcy

26    Code. As required by the Bankruptcy Code, holders of such Allowed Administrative Claims

27    against Debtor shall receive cash in the amount of such allowed claim on the Effective Date.

28    (B)    ***"Allowed Claim***."  This term will refer to and mean every claim: (i) as to which

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                -1-

1    a proof of claim has been filed with the Court within the time fixed by the Court or, if such

2    claim arises from the Debtor's rejection of an unexpired lease or other executory contract,

3    within thirty (30) days after the Effective Date of the Plan, or (ii) which is scheduled as of

4    the Confirmation Date of the Plan in the schedules filed by the Debtor or amended by the

5    Debtor as of said date, and is liquidated in amount and undisputed; and in either of the above

6    events, as to which no objection to allowance of such claim or request for subordination

7    thereof has been filed within any applicable time period fixed by the Court or as to which an

8    order allowing such claim and establishing its priority has become final and non-appealable.

9    An allowed secured claim shall include all accrued interest and attorneys fees, to the extent

10   the same are allowable under 11 U.S.C. § 506, and to the extent attorneys fees are reasonable

11   or are approved by the Bankruptcy Court after notice and hearing.

12        (C)    *"Bankruptcy Code."*   This term means the Bankruptcy Code of 1978, as

13   codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including

14   all amendments thereof and thereto.

15        (D)    *"Bankruptcy Court."*  This term means the United States Bankruptcy Court

16   for the District of Nevada, Reno, or such other court as has jurisdiction of these Chapter 11

17   cases.

18        (E)    *"Claim."*  This term means any right to payment, whether or not such right is

19   reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

20   disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable

21   remedy for breach of performance, if such breach gives rise to a right to payment, whether

22   or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured,

23   unmatured, disputed, undisputed, secured or unsecured.

24        (F)    *"Code."*  This term means Title 11, United States Code.

25        (G)    *"Confirmation Date."*  This term will refer to and mean the date on which the

26   Court enters its Order confirming Debtor's Plan of Reorganization, or any subsequently

27   amended plan of reorganization.

28   ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -2-

(H)     *"Debtor."* The term Debtor means JOSEPH W. ARRIOLA, SR., the Chapter 11 Debtor in Case No. BK-N-09-53905-GWZ.

(I)     *"Disclosure Statement."* Disclosure Statement means the Disclosure Statement filed by the Debtor, as approved by the Bankruptcy Court.

(J)     *"Effective Date."* This term shall mean the date which is the first day of the month at least thirty (30) days following the Confirmation Date.

(K)     *"Petition Filing Date."* This term shall refer to November 2, 2009, the date on which Debtor filed its voluntary petition commencing the above-captioned Chapter 11 case.

(L)     *"Plan."* This term shall refer to Debtor's Plan of Reorganization, together with any amendments or modifications thereto as may hereafter be filed by the Debtor.

(M)     *"Reorganized Debtor."* This term means JOSEPH W. ARRIOLA, SR., following the Confirmation Date.

3.    **CLAIMS AND INTERESTS**

  3.1    **Classification of Claims and Interests**

Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims and Interests. Administrative Claims and Priority Claims of the kinds specified in Sections 507(a)(1) and 507(a)(8) of the Bankruptcy Code have not been classified and are excluded from the following classes in accordance with Section 1123(a)(1) of the Bankruptcy Code.

| Class 1: | Allowed Secured Claim of BAC-1, (hereinafter "BAC-1") as evidenced by a first deed of trust on the property located at 2020 Del Rio, Reno, Nevada (the "Del Rio Property"). |
|---|---|
| Class 2: | Allowed Secured Claim of BAC-2, (hereinafter "BAC-2") as evidenced by a second deed of trust on the property located at 2020 Del Rio, Reno, Nevada (the "Del Rio Property"). |
| Class 3: | Allowed Secured Claim of Wells Fargo Bank, (hereinafter "Wells Fargo") as evidenced by a first deed of trust on the property located at 39900 Forest Road, Big Bear Lake, California (the "Forest Rd. Property"). |

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -3-

Class 4:    Allowed Secured Claim of Evergreen Note Servicing, (hereinafter "Evergreen") as evidenced by a first deed of trust on the property located at 1590 Clough Rd., Reno, Nevada the "Clough Rd. Property").

Class 5:    Allowed Secured Claim of Indy Mac, (hereinafter "Indy Mac") as evidenced by a first deed of trust on the property located at 248 Lagunitas, Big Bear Lake, California (the "Lagunitas Property").

Class 6:    Allowed Secured Claim of Seaside Funding, Inc., (hereinafter "Seaside") as evidenced by a first deed of trust on the property located at 1983 H Street, South Lake Tahoe, California (the "H Street Property").

Class 7:    Allowed Secured Claim of Ron and Jan Taylor, (hereinafter "Taylor") as evidenced by a first deed of trust on the property located at 113 E. Big Bear Blvd., Big Bear City, California (the "Big Bear Blvd. Property").

Class 8:    Allowed Secured Claim of Wachovia Mortgage-1, (hereinafter "Wachovia-1") as evidenced by a first deed of trust on the property located at 2725 Seaside, Albion, California (the "Seaside Property").

Class 9:    Allowed Secured Claim of Wachovia Mortgage-2, (hereinafter "Wachovia-2") as evidenced by a first deed of trust on the property located at 7245 Great Oak, Las Vegas, Nevada (the "Great Oak Property").

Class 10:    Allowed Secured Claim of J.P. Morgan/Chase, (hereinafter "J.P. Morgan/Chase") as evidenced by a first deed of trust on the property located at 2641 William Ave., South Lake Tahoe, California (the "William Ave. Property").

Class 11:    Allowed Secured Claim of Keybank, (hereinafter "Keybank") as evidenced by the Security Agreement and lien on title of the 2004 Suntracker Hull No. BUJ37091D404 (the "Suntracker").

Class 12:    Allowed Secured Claim of GMAC, (hereinafter "GMAC") as evidenced by the Security Agreement and lien on title of the 2005 Hummer VIN# 5GRGN23U05H122701 (the "Hummer").

Class 13:    Allowed Claims of **unsecured creditors** of the Debtor not entitled to priority under § 507 of the Bankruptcy Code and not otherwise included in any other class hereof, including, without limitation, claims which may arise out of the rejection of executory contracts. The total amount due to unsecured creditors is $647,181.25.

**3.2    Unimpaired Classes**

There are no unimpaired classes under the Plan.

///

///

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -4-

4. **TREATMENT OF CLAIMS AND INTERESTS**

Each creditor class shall be treated as follows:

4.1 **Class 1 (BAC-1 Secured Claim) (Del Rio Property):**

The **BAC-1 Secured Claim** shall be treated under the Plan as follows:

The automatic stay under Section 362 shall terminate as of the Effective Date, and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including foreclosure.

4.2 **Class 2 (BAC-2 Secured Claim) (Del Rio Property):**

The **BAC-2 Secured Claim** shall be treated under the Plan as follows:

The automatic stay under Section 362 shall terminate as of the Effective Date, and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including foreclosure.

4.3 **Class 3 (Wells Fargo Bank) (Forest Rd. Property):**

The Wells Fargo Secured Claim shall be treated under the Plan as follows:

(A)    **Amount of the Wells Fargo Secured Claim**

The amount of the Wells Fargo Secured Claim shall be equal to the balance owed on the Wells Fargo Note as of the Confirmation Date, including accrued interest and reasonable attorney's fees.

(B)    **Retention of Security Interest in Property and Rents**

Wells Fargo Bank shall retain its security interest in the property and rents as evidenced by the Wells Fargo Deed of Trust in order to secure the Wells Fargo Note.

(C)    **Payment of the Wells Fargo Secured Claim**

The Wells Fargo Secured Claim shall bear interest at the rate of 4.25% per annum from and after the Effective Date, or such other rate as the Court shall determine is appropriate after considering the evidence at the Confirmation Hearing (the "Wells Fargo Bank Interest Rate") amortized over 30 years with the first payment due and continuing on or before the 15th day of each month commencing on the 15th day of the next month following the Effective Date, the Debtor shall pay to Wells Fargo the monthly payment.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -5-

**(D)    Payment of the Wells Fargo Note**

The balance owed on the Wells Fargo Note, together with all accrued interest and fees and costs due thereunder shall be paid on or before seven years following the Effective Date.

**(E)    Loan Documents Remain in Effect**

The Wells Fargo Note and the Wells Fargo Deed of Trust shall remain in full force and effect, except as modified or by otherwise inconsistent with the Plan in which event the terms of this Plan shall supersede.

**(F)    Plan Default**

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within 15 business days after the delivery of notice to the Debtor and Debtor's counsel, Wells Fargo shall be entitled to enforce all of the terms of the Wells Fargo Deed of Trust and the Wells Fargo Note, in addition to all rights available under California law, including, without limitation foreclosure upon the property and the opportunity to credit the entire amount of the Wells Fargo Note at any foreclosure sale.

**4.4    Class 4 (Evergreen Note Servicing) (Clough Rd. Propery):**

The Evergreen Notice Servicing ("Evergreen") Secured Claim shall be treated under the Plan as follows:

**(A)    Amount of the Evergreen Secured Claim**

The amount of the Evergreen Secured Claim shall be equal to the balance owed on the Evergreen Note as of the Confirmation Date, including accrued interest and reasonable attorney's fees.

**(B)    Retention of Security Interest in Property and Rents**

Evergreen shall retain its security interest in the property and rents as evidenced by the Evergreen Deed of Trust in order to secure the Evergreen Note.

**(C)    Payment of the Evergreen Secured Claim**

The Evergreen Secured Claim shall bear interest at the rate of 4.25% per annum from and after the Effective Date, or such other rate as the Court shall determine is

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -6-

appropriate at the Confirmation Hearing (the "Evergreen Interest Rate") on or before the 15th day of each month commencing on the 15th day of the next month following the Effective Date, the Debtor shall pay to Evergreen the monthly payment.

### (D)    Payment of the Evergreen Note

The balance owed on the Evergreen Note, together with all accrued interest and fees and costs due thereunder shall be paid on or before seven years following the Effective Date.

### (E)    Loan Documents Remain in Effect

The Evergreen Note and the Evergreen Deed of Trust shall remain in full force and effect, except as modified or by otherwise inconsistent with the Plan in which event the terms of this Plan shall supersede.

### (F)    Plan Default

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within 15 business days after the delivery of notice to the Debtor and Debtor's counsel, Evergreen shall be entitled to enforce all of the terms of the Evergreen Deed of Trust and the Evergreen Note, in addition to all rights available under California law, including, without limitation foreclosure upon the property and the opportunity to credit the entire amount of the Evergreen Note at any foreclosure sale.

### 4.5    Class 5 (Indy Mac Federal Bank) (Lagunitas Property):

The Indy Mac Federal Bank ("Indy Mac") Secured Claim shall be treated under the Plan as follows:

The automatic stay under Section 362 shall terminate as of the Effective Date, and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including foreclosure.

### 4.6    Class 6 (Seaside Funding Inc.) (H Street Property):

The Seaside Funding Inc. ("Seaside") Secured Claim shall be treated under the Plan as follows:

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                -7-

1    The automatic stay under Section 362 shall terminate as of the Effective Date,

2 and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including

3 foreclosure.

4    **4.7    Class 7 (Ron and Jan Taylor) (Big Bear Blvd. Property):**

5    The Ron and Jan Taylor ("Taylor") Secured Claim shall be treated under the

6 Plan as follows:

7    **(A)    Amount of the Taylor Secured Claim**

8    The amount of the Taylor Secured Claim shall be equal to the balance owed on

9 the Taylor Note as of the Confirmation Date, including accrued interest and reasonable

10 attorney's fees.

11    **(B)    Retention of Security Interest in Property and Rents**

12    Taylor shall retain its security interest in the property and rents as evidenced by

13 the Taylor Deed of Trust in order to secure the Taylor Note.

14    **(C)    Payment of the Taylor  Secured Claim**

15    The Taylor Secured Claim shall bear interest at the rate of 4.25% per annum

16 from and after the Effective Date, or such other rate as the Court shall determine is

17 appropriate at the Confirmation Hearing (the "Taylor Interest Rate") on or before the 15th day

18 of each month commencing on the 15th day of the next month following the Effective Date,

19 the Debtor shall pay to Taylor the monthly payment.

20    **(D)    Payment of the Taylor Note**

21     The balance owed on the Taylor Note, together with all accrued interest and

22 fees and costs due thereunder shall be paid on or before seven years following the Effective

23 Date.

24    **(E)    Loan Documents Remain in Effect**

25    The Taylor Note and the Taylor Deed of Trust shall remain in full force and

26 effect, except as modified or by otherwise inconsistent with the Plan in which event the terms

27 of this Plan shall supersede.

28 ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                -8-

1                         **(F)**      **Plan Default**

2                In the event of a default by the Debtor under the Plan, and in the event Debtor

3 fails to cure such default within 15 business days after the delivery of notice to the Debtor and

4 Debtor's counsel, Taylor shall be entitled to enforce all of the terms of the Taylor Deed of

5 Trust and the Taylor Note, in addition to all rights available under California law, including,

6 without limitation foreclosure upon the property and the opportunity to credit the entire

7 amount of the Taylor Note at any foreclosure sale.

8        **4.8**     **Class 8 (Wachovia Mortgage-1) (Seaside Property):**

9                The Wachovia Mortgage-1 Secured Claim shall be treated under the Plan as

10 follows:

11                      **(A)**      **Amount of the Wachovia Mortgage-1 Secured Claim**

12                The amount of the Wachovia Mortgage-1 Secured Claim shall be equal to the

13 balance owed on the Wachovia Mortgage-1 Note as of the Confirmation Date, including

14 accrued interest and reasonable attorney's fees.

15                     **(B)**      **Retention of Security Interest in Property and Rents**

16                Wachovia Mortgage-1 shall retain its security interest in the property and rents

17 as evidenced by the Wachovia Mortgage-1 Deed of Trust in order to secure the Wachovia

18 Mortgage-1 Note.

19                     **(C)**      **Payment of the Wachovia Mortgage-1 Secured Claim**

20                The Wachovia Mortgage-1 Secured Claim shall bear interest at the rate of

21 4.25% per annum from and after the Effective Date, or such other rate as the Court shall

22 determine is appropriate at the Confirmation Hearing (the "Wachovia Mortgage-1 Interest

23 Rate") on or before the 15[th] day of each month commencing on the 15[th] day of the next month

24 following the Effective Date, the Debtor shall pay to Wachovia Mortgage-1 the monthly

25 payment.

26                    **(D)**      **Payment of the Wachovia Mortgage-1 Note**

27                The balance owed on the Wachovia Mortgage-1 Note, together with all

28 accrued interest and fees and costs due thereunder shall be paid on or before seven years

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd     -9-

1   following the Effective Date.

2   **(E)    Loan Documents Remain in Effect**

3   The Wachovia Mortgage-1 Note and the Wachovia Mortgage-1 Deed of Trust

4   shall remain in full force and effect, except as modified or by otherwise inconsistent with the

5   Plan in which event the terms of this Plan shall supersede.

6   **(F)    Plan Default**

7   In the event of a default by the Debtor under the Plan, and in the event Debtor

8   fails to cure such default within 15 business days after the delivery of notice to the Debtor and

9   Debtor's counsel, Wachovia Mortgage-1 shall be entitled to enforce all of the terms of the

10  Wachovia Mortgage-1 Deed of Trust and the Wachovia Mortgage-1 Note, in addition to all

11  rights available under California law, including, without limitation foreclosure upon the

12  property and the opportunity to credit the entire amount of the Wachovia Mortgage-1 at any

13  foreclosure sale.

14  **4.9     Class 9 (Wachovia Mortgage-2) (Great Oak Property):**

15  The automatic stay under Section 362 shall terminate as of the Effective Date,

16  and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including

17  foreclosure.

18  **4.10    Class 10 (JPMorgan/Chase) (William Ave. Property):**

19  The JPMorgan/Chase Secured Claim shall be treated under the Plan as follows:

20  **(A)    Amount of the JPMorgan/Chase Secured Claim**

21  The amount of the JPMorgan/Chase Secured Claim shall be equal to the balance

22  owed on the JPMorgan/Chase Note as of the Confirmation Date, including accrued interest

23  and reasonable attorney's fees.

24  **(B)    Retention of Security Interest in Property and Rents**

25  JPMorgan/Chase shall retain its security interest in the property and rents as

26  evidenced by the JPMorgan/Chase Deed of Trust in order to secure the JPMorgan/Chase Note.

27  **(C)    Payment of the JPMorgan/Chase Secured Claim**

28  The JPMorgan/Chase Secured Claim shall bear interest at the rate of 4.25% per

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -10-

annum from and after the Effective Date, or such other rate as the Court shall determine is appropriate at the Confirmation Hearing (the "JPMorgan/Chase Interest Rate") on or before the 15th day of each month commencing on the 15th day of the next month following the Effective Date, the Debtor shall pay to JPMorgan/Chase the monthly payment.

### (D)    Payment of the JPMorgan/Chase Note

The balance owed on the JPMorgan/Chase Note, together with all accrued interest and fees and costs due thereunder shall be paid on or before seven years following the Effective Date.

### (E)    Loan Documents Remain in Effect

The JPMorgan/Chase Note and the JPMorgan/Chase Deed of Trust shall remain in full force and effect, except as modified or by otherwise inconsistent with the Plan in which event the terms of this Plan shall supersede.

### (F)    Plan Default

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within 15 business days after the delivery of notice to the Debtor and Debtor's counsel, JPMorgan/Chase shall be entitled to enforce all of the terms of the JPMorgan/Chase Deed of Trust and the JPMorgan/Chase Note, in addition to all rights available under California law, including, without limitation foreclosure upon the property and the opportunity to credit the entire amount of the JPMorgan/Chase at any foreclosure sale.

**4.11    Class 11 (Keybank):**

The Keybank Secured Claim shall be treated under the Plan as follows:

### (A)    Amount of the Keybank Secured Claim

The amount of the Keybank Secured Claim shall be equal to the balance owed on the Keybank Note as of the Confirmation Date, including accrued interest and reasonable attorney's fees.

### (B)    Retention of Security Interest in Collateral

Keybank shall retain its security interest in the Suntracker as evidenced by the Keybank Security Interest in order to secure the Keybank Note.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd          -11-

1    **(C)    Payment of the Keybank Secured Claim**

2    The Keybank Secured Claim shall bear interest at the rate of 4.25% per annum

3    from and after the Effective Date, or such other rate as the Court shall determine is

4    appropriate at the Confirmation Hearing (the  Keybank Interest Rate") amortized over 60

5    months on or before the 15th day of each month commencing on the 15th day of the next month

6    following the Effective Date, the Debtor shall pay to  Keybank equal monthly payments.

7    **(D)    Payment of the Keybank Note**

8    The balance owed on the Keybank Note, together with all accrued interest and

9    fees and costs due thereunder shall be paid on or before 60 months following the Effective

10    Date.

11    **(E)    Loan Documents Remain in Effect**

12    The Keybank Note and the  Keybank Security Interest shall remain in full force

13    and effect, except as modified or by otherwise inconsistent with the Plan in which event the

14    terms of this Plan shall supersede.

15    **(F)    Plan Default**

16    In the event of a default by the Debtor under the Plan, and in the event Debtor

17    fails to cure such default within 15 business days after the delivery of notice to the Debtor and

18    Debtor's counsel, Keybank shall be entitled to enforce all of the terms of the  Keybank

19    Security Interest and the  Keybank Note, in addition to all rights available under Nevada  law.

20    **4.12    Class 12 (GMAC):**

21    The GMAC Secured Claim shall be treated under the Plan as follows:

22    **(A)    Amount of the GMAC Secured Claim**

23    The amount of the GMAC Secured Claim shall be equal to the balance owed

24    on the GMAC Note as of the Confirmation Date, including accrued interest and reasonable

25    attorney's fees.

26    **(B)    Retention of Security Interest in Property and Rents**

27    GMAC shall retain its security interest in the Hummer as evidenced by the

28    GMAC Security Interest in order to secure the GMAC Note.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -12-

1  **(C)  Payment of the GMAC Secured Claim**

2  The GMAC Secured Claim shall bear interest at the rate of 4.25% per annum

3  from and after the Effective Date, or such other rate as the Court shall determine is

4  appropriate at the Confirmation Hearing (the GMAC Interest Rate") amortized over 60

5  months on or before the 15th day of each month commencing on the 15th day of the next month

6  following the Effective Date, the Debtor shall pay to GMAC the monthly payment.

7  **(D)  Payment of the GMAC Note**

8  The balance owed on the GMAC Note, together with all accrued interest and

9  fees and costs due thereunder shall be paid on or before 60 months following the Effective

10  Date.

11  **(E)  Loan Documents Remain in Effect**

12  The GMAC Note and the GMAC Security Interest shall remain in full force and

13  effect, except as modified or by otherwise inconsistent with the Plan in which event the terms

14  of this Plan shall supersede.

15  **(F)  Plan Default**

16  In the event of a default by the Debtor under the Plan, and in the event Debtor

17  fails to cure such default within 15 business days after the delivery of notice to the Debtor and

18  Debtor's counsel, GMAC shall be entitled to enforce all of the terms of the GMAC Security

19  Interest and the  GMAC Note, in addition to all rights available under Nevada law.

20  **4.13   Class 13 (Unsecured Claims):**

21  Allowed unsecured claims shall not bear interest, and shall be paid as set forth

22  in Section 6.1 below.

23  **5.   TREATMENT OF UNCLASSIFIED CLAIMS**

24  **5.1   Administrative Claims**

25  Claims arising during the administration of the Debtor's Chapter 11 case and entitled

26  to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan.

27  Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15)

28  days after entry of an order creating an Allowed Administrative Claim, unless holders of an

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -13-

Allowed Administrative Claim agree to alternative treatment.  Administrative claims will be paid from cash available on the Effective Date.

### 5.2    Priority Claims

Holders of Allowed Priority Claims shall be paid as specifically set forth in Section 6 below.

### 5.3    Executory Contracts and Unexpired Leases

_____The Debtor leases real property and various equipment and other personal property used in its business.  A schedule of all leases to which the Debtor is a party is set forth in **Exhibit "A"** attached hereto.  The Bankruptcy Code grants the Debtor the power, subject to the approval of the Bankruptcy Court, to assume or reject executory contracts and unexpired leases.  If an executory contract or unexpired lease is rejected, the non-debtor party to the agreement may file a claim for damages incurred by reason of the rejection.

The Debtor either (i) cures and assumes the lease as indicated; or (ii) exercises its purchase option under the terms indicated.  Entry of an order confirming this Plan constitutes approval of the treatment of each executory contract as set forth in the Lease Schedule.  Under all leases containing such provision, the Debtor may chose not to exercise an option to purchase the personal property upon the maturity or termination of any lease in its own discretion according to the terms of the particular lease.

### 5.4    Fees to the United States Trustee

All fees required to be paid to the United States Trustee will be paid in full upon confirmation of the Debtor's Plan, and shall remain current until the case is fully administered, closed, converted or dismissed, whichever occurs first.

### 5.5    Disputed Claims

All payments hereunder to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd    -14-

1    **6.    MEANS OF IMPLEMENTING AND FUNDING THE PLAN**

2        **6.1    Funding of Plan**

3        The Plan will be funded by the Debtor's income from the ongoing operation of its

4    business.  The Debtor will commence its payments to fund the Plan (the "Plan Fund") thirty

5    days following the Effective Date in the amount of $5,000 per month.  Payments shall be

6    distributed in the following order of priority:

7        a)    Any unpaid Allowed Administrative Claims shall be paid first from the Plan

8            Fund.

9        b)    Secondly, the Internal Revenue Service and the Nevada Department of

10           Taxation  together with interest as allowed under the applicable federal or state

11           statute.  Payments to the priority creditors shall be prorata and disbursed on a

12           monthly basis until paid in full.  All payments shall be first applied to the trust

13           fund portion of any taxes owed.

14       c)    Thirdly, the Debtor shall make quarterly prorata distributions from the Plan

15           Fund to the Allowed Classes 1 through 12, commencing on the 1st day of the

16           fourth month following payment in full of the priority tax claims as described

17           above, and continuing on the first day of every third month thereafter until the

18           Allowed Classes 1 through 12 secured creditors described above are paid in

19           full.  Any prorata payment to creditors whose claims are disputed shall be paid

20           into a segregated trust account until such claims are an allowed claim, in which

21           event the proceeds shall be disbursed, or such claims shall be disallowed, in

22           which case such sums shall be included in the next disbursement to creditors.

23       **6.2    Revesting of Assets in the Debtor**

24       Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested

25   in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the

26   Reorganized Debtor free and clear of all claims and interests of the creditors, except as set

27   forth in the Plan.

28   *///*

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Arriola\Plan & DS\Plan121710.wpd

-15-

**6.3    Disbursing Agent**

The Debtor will serve as disbursing agent and shall disburse all property to be distributed under the Plan.  The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

**6.4    Post-Confirmation Litigation**

Debtor does not anticipate any post-confirmation litigation.

**6.5  Post-Confirmation Default**

In the event the Debtor becomes delinquent in any payment or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

Alan R. Smith, Esq.          Joseph W. Arriola
505 Ridge Street             970 Bible Way
Reno, Nevada 89501           Reno, Nevada 89502

The Debtor shall thereafter have ten (10) business days from receipt of said notice in which to cure the default.  In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court.  At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time.  The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

**7.    FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN**

The Debtor believes that there are no federal income tax consequences peculiar to its Plan.  EACH HOLDER OF A CLAIM IS STRONGLY URGED TO CONSULT WITH HIS/HER TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

**8.    MISCELLANEOUS PROVISIONS**

(a)    Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtor shall have no further liability for such claim.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd

-16-

(b)    Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services.  Counsel may be paid from the Debtor without further order of the Court.

**9.    RETENTION OF JURISDICTION**

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(a)    For the purpose specified in § 1142 of the Bankruptcy Code;

(b)    The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

(c)    The fixing of compensation for the parties entitled thereto;

(d)    To hear and determine the amount of all encumbrances or the recovery of any preferences, transfers, assets or damages to which the Debtor's estate  may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law;

(e)    To reinstate the automatic stay pending a determination of the amount owed on any secured claim;

(f)    To hear and decide all causes of action now held by the Debtor, or disclosed in the Plan or Disclosure Statement;

(g)    To hear and decide all adversary proceedings or contested matters currently pending in the Bankruptcy Court, or which may be filed prior to or after plan confirmation;

(h)    To resolve any disputes regarding interpretation of the Plan;

(i)    To implement the provisions of the Plan, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including the sale of any property after Plan confirmation;

(j)    To adjudicate controversies regarding property of the Debtor's estate and regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

(k)    To modify this Plan in accordance with § 1127 of the Bankruptcy Code; and

(l)    Enter a final decree and order closing the case.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd

**10.     MODIFICATION OF PLAN**

   The Debtor may modify the Plan with regard to the treatment of any creditor class, in connection with any agreement or settlement with such creditor class or in order to comply with requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of creditors.  Such modifications may be reflected in the order confirming the Plan of Reorganization.  Any other modification of the Plan shall be in accordance with § 1127 of the Code.

   **DATED** this 17th day of December, 2010.

                                    LAW OFFICES OF ALAN R. SMITH

                                    By:_____/s/ Alan R. Smith_____
                                            ALAN R. SMITH, ESQ.
                                            Attorney for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\Plan121710.wpd                    -18-