ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
*Email: mail@asmithlaw.com*

Attorney for Debtor

*ELECTRONICALLY FILED*
*December 17, 2010*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

JOSEPH W. ARRIOLA, SR.,

          Debtor.

_____/

Case No. BK-N-09-53905-GWZ
Chapter 11

Hearing Date:    TBD
Hearing Time:    TBD

# DEBTOR'S
# DISCLOSURE STATEMENT

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

# TABLE OF CONTENTS

Page

1.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.1  Purpose of the Disclosure Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.2  Acceptance and Confirmation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.3  Disclaimer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.  INFORMATION REGARDING THE CHAPTER 11 ESTATE. . . . . . . . . . . . . . . 2

    2.1  History of the Debtor and Events Leading to the Filing of
         The Chapter 11 Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2.2  Ownership of the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    2.3  Co-Debtors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3.  DEVELOPMENTS DURING THE COURSE OF THIS
    CHAPTER 11 CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    3.1  Meeting of Creditors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    3.2  Schedules and Statement of Affairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    3.3  Monthly Operating Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    3.4  Employment of General Counsel – Alan R. Smith, Esq. . . . . . . . . . . . . . . . 3

    3.5  Creditors Committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.  DESCRIPTION OF ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    4.1  Description of Real Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    4.2  Description of Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5.  DESCRIPTION OF DEBTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    5.1  Administrative Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    5.2  Priority Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    5.3  Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    5.4  Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    5.5  Claims Deadline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES . . . . . . . . . . . . . . . . 7

7.  DESCRIPTION OF PENDING AND COMPLETED LITIGATION. . . . . . . . . . . 7

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-i-

7.1    Pre-Petition and Post-Petition Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8.    SUMMARY OF PLAN OF REORGANIZATION . . . . . . . . . . . . . . . . . . . . . . . . 8

8.1    Classification and Treatment of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8.2    Treatment of Claims and Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8.3    Means of Implementing and Funding the Plan  . . . . . . . . . . . . . . . . . . . . . 19

9.    POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR . . . . . 20

10.    ALTERNATIVES TO THE PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

11.    CERTAIN RISKS TO BE CONSIDERED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

11.1    Risk of Non-Confirmation of the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

11.2    Tax Consequences of the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

11.3    Estimated Amounts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

11.4    Liquidation Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-ii-

1  **1.      INTRODUCTION**

2          This Disclosure Statement (hereinafter the "Disclosure Statement") is provided to

3  creditors by the connection with the solicitation of acceptances of the Debtor's Plan of

4  Reorganization (the "Plan"), filed on **December 17, 2010**, or any subsequent amended plan

5  of reorganization.  The Debtor's reorganization case is under Chapter 11 of the United States

6  Code, and was initiated on **November 2, 2009**, in the United States Bankruptcy Court for the

7  District of Nevada, as **Case No. BK-N-09-53905-GWZ.**

8          **1.1      Purpose of the Disclosure Statement**

9          The purpose of this Disclosure Statement is to ensure that claimants have adequate

10  information to enable each class to make an informed judgment about the Plan.  The assets

11  and liabilities of the Debtor are summarized herein.  To the extent the information contained

12  in this Disclosure Statement may be inconsistent with the Debtor's Statement of Financial

13  Affairs and Schedule of Assets and Liabilities filed on November 2, 2009, or subsequent

14  amendments thereto, this Disclosure Statement shall supersede such Statements and

15  Schedules (as may have been amended).

16          This Disclosure Statement describes the business background and operating history

17  of the Debtor before the filing of the case.  It also summarizes certain significant events that

18  have taken place during the case and describes the terms of the Plan, which divides creditor

19  claims and the interests of shareholders into classes and provides for the satisfaction of

20  allowed claims and interests.

21          The Court will set a time and date as the last day to file acceptances or rejections of

22  the Plan.  Thereafter, a hearing on confirmation of the Plan will be held in the United States

23  Bankruptcy Court for the District of Nevada, located at the U.S. Federal Building &

24  Courthouse, 300 Booth Street, Reno, Nevada.  Creditors may vote on the Plan by filling out

25  and mailing a special form of ballot.  The form of ballot and special instructions for voting

26  will be forthcoming upon approval of the Disclosure Statement by the Court.  Creditors are

27  urged to carefully read the contents of this Disclosure Statement before making a decision

28  to accept or reject the Plan.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd                    -1-

1

**1.2     Acceptance and Confirmation**

2      Under the Plan, Creditor Classes 1-13 are impaired.  In order for the Plan to be

3   deemed accepted, and therefore confirmed, a majority in number and two-thirds in dollar

4   amount of the secured and unsecured creditor classes (Classes 1 through 13), of those that

5   actually vote, must vote for acceptance of the Plan.  Holders of claims who fail to vote are

6   not counted as either accepting or rejecting the Plan.

7

**1.3     Disclaimer**

8      No representations concerning the Debtor is authorized by the Debtor except as set

9   forth in this Disclosure Statement.  Any representations or inducements made to secure your

10  acceptance or rejection of the Plan other than as contained herein have not been authorized

11  and should not be relied upon by you in making your decision, and such additional

12  representations and inducements should be reported to counsel for the Debtor, who in turn

13  should deliver such information to the Court for such action as may be deemed appropriate.

14  The information contained herein has not been subjected to a certified audit.  The records

15  kept by the Debtor and other information relied on herein are dependent upon investigations

16  and accounting performed by the Debtor and others employed by the Debtor.  The Debtor is

17  unable to warrant that the information contained herein is without inaccuracy, although a

18  great effort has been made to be accurate, and the Debtor believes that the information

19  contained herein is, in fact, accurate.

20

21  **2.     INFORMATION REGARDING THE CHAPTER 11 ESTATE**

22      **2.1     History of the Debtor and Events Leading to the Filing of the Chapter 11
         Case**

23

24      JOSEPH W. ARRIOLA, SR. (hereinafter "Debtor") is an individual and sole

25  proprietor doing business as American Fiberglass and Auto Body and American Detail and

26  Bumper Repair at 970 Bible Way, Reno, Nevada 89502.  Starting in 2007, the economy

27  started its downturn which has continued through 2010.  These events are the reason that the

28  Chapter 11 case was filed.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd          -2-

**2.2     Ownership of the Debtor**

The Debtor is an individual and sole owner of American Fiberglass and Auto Body and American Detail and Bumper Repair.

**3.     DEVELOPMENTS DURING THE COURSE OF THIS CHAPTER 11 CASE**

**3.1     Meeting of Creditors**

The United States Trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 361 on November 30, 2009.  The meeting was continued and concluded on December 14, 2009.  The Debtor appeared personally at both meetings.

**3.2     Schedules and Statement of Affairs**

The Debtor filed its schedules and statement of financial affairs on November 2, 2009, along with its Voluntary Petition for Relief.  Those schedules and statements may be viewed online at www.nvb.uscourts.gov or may be obtained from the Bankruptcy Clerk for a fee.

**3.3___Monthly Operating Reports**

Monthly operating reports reflecting the Debtor's ongoing financial status are filed with the United States Bankruptcy Court and can be viewed online at www.nvb.uscourts.gov.

**3.4     Employment of General Counsel - Alan R. Smith, Esq.**

On November 23, 2009, the Debtor filed an application to employ Alan R. Smith, Esq., as general counsel for the Debtor.  On November 24, 2009, the Court entered its Order Approving Employment of Attorney.

**3.5     Creditors Committee**

There has been no appointment in this case of a creditor's committee pursuant to 11 U.S.C. § 1102.

**4.     DESCRIPTION OF ASSETS**

**4.1     Description of Real Property**

The Debtor owns seven improved parcels of real property and two unimproved parcels

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd                    -3-

of real property.  The description and estimated fair market value[1] of the real property is as follows:

| Description | Type of Property | Est. Value |
|---|---|---|
| 1590 Clough Road<br>Reno, Nevada 89509 | Single Family Residence | $    150,500.00 |
| 2020 Del Rio Lane<br>Reno, Nevada 89509 | Single Family Residence | $    325,000.00 |
| 7245 Great Oak Avenue<br>Las Vegas, Nevada 89147 | Single Family Residence | $    225,000.00 |
| 2641 William Avenue<br>South Lake Tahoe, California | Single Family Residence | $    325,000.00 |
| 248 Lagunita Lane<br>Big Bear Lake, California | Four Cabins on Property | $    650,000.00 |
| 39900 Forest Road<br>Big Bear Lake, California | Single Family Residence | $    689,000.00 |
| 2725 Seaside Court<br>Albion, California | Single Family Residence | $  1,100,000.00 |
| 1983 H Street<br>South Lake Tahoe, California | Vacant Land | $    200,000.00 |
| 113 East Big Bear Boulevard<br>Big Bear City, California | Vacant Commercial Property | $    100,000.00 |
| **TOTAL** | | **$3,764,500.00** |

### 4.2    Description of Personal Property

| Description | Location | Est. Value at 12/17/2010 |
|---|---|---|
| Checking Accounts (DIP) | First Independent Bank | $        2,575.00 |
| Home Furnishings | 2855 Idlewild Drive Number 118<br>Reno, Nevada 89509 | $        2,500.00 |
| Personal Clothing | 2855 Idlewild Drive Number 118<br>Reno, Nevada 89509 | $          750.00 |
| Pontoon Tracker | 2855 Idlewild Drive Number 118<br>Reno, Nevada 89509 | $      15,000.00 |

---

[1] Debtor's estimated value may be alternated based on an appraisal.

| Description | Location | Est. Value at 12/17/2010 |
|---|---|---|
| **TOTAL** | | **$20,825.00** |

## 5.    DESCRIPTION OF DEBTS

### 5.1    Administrative Claims

(A)    <u>Attorneys Fees/Law Offices of Alan R. Smith</u>.  The Debtor is obligated to pay attorneys fees and costs owed to the Law Offices of Alan R. Smith, subject to Court approval.

(B)    <u>U.S. Trustee Fees</u>.  All fees required to be paid to the United States Trustee will be paid in full upon the Effective Date of the Debtor's Plan.  U.S. Trustee fees due in this case have been paid.

### 5.2    Priority Claims

The Debtor owes the following estimated amounts to the following identified priority claimant:

```
IRS      Unsecured Priority     $574,295.88
         Unsecured General         87,560.12
                                 $661,856.00

NDT      Secured                 $    436.00
         Unsecured Priority         13,261.81
         General Unsecured           4,954.12     (Class 13 Claim)
                                  $18,651.93
```

### 5.3    Secured Claims

The Debtor has scheduled against it the followed Secured Claims:

| Creditor | Nature of Lien | Est. Amount of Secured Claim |
|---|---|---|
| BAC Home Loans Servicing-1 | Deed of Trust | $      532,236.93 |
| BAC Home Loans Servicing-2 | Deed of Trust | $        59,500.00 |
| Wells Fargo Bank | Deed of Trust | $      656,745.95 |
| Evergreen Note Servicing | Deed of Trust | $      148,400.00 |
| Indy Mac Federal Bank | Deed of Trust | $      474,057.70 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-5-

| Creditor | Nature of Lien | Est. Amount of Secured Claim |
|---|---|---|
| Seaside Funding Inc. | Deed of Trust | $        115,197.50 |
| Ron and Jan Taylor | Deed of Trust | $        110,000.00 |
| Wachovia Mortgage-1 | Deed of Trust | $        129,900.00 |
| Wachovia Mortgage-2 | Deed of Trust | $        963,356.00 |
| JPMorgan/Chase Bank | Deed of Trust | $        345,596.00 |
| Keybank | Purchase Money Security Interest | $          13,853.11 |
| GMAC | Purchase Money Security Interest | $            5,463.49 |
| **TOTAL** | | **$3,554,306.67** |

### 5.4    Unsecured Claims

The Debtor has scheduled against it unsecured claims totaling $244,105.01, more specifically as follows:

| Creditor's Name | Type of Claim | Amount of Claim |
|---|---|---|
| Advanced Orthopedics | Goods and Services | $              62.58 |
| Associated Anesthesiologists | Goods and Services | $            196.25 |
| B&P Collection Service | Goods and Services | $            414.35 |
| HSBC Retail Service | Goods and Services | $          4,296.29 |
| Northern Nevada Emergency Physicians | Goods and Services | $            122.30 |
| Northern Nevada Emergency Physicians | Goods and Services | $            160.30 |
| Pacific Medical | Goods and Services | $              42.95 |
| RC Willey | Goods and Services | $          5,000.00 |
| Reno Radiological Associates | Goods and Services | $                3.02 |
| Renown Regional Medical Center | Goods and Services | $            521.00 |
| Remittance Assistance Corporation | Goods and Services | $          3,715.08 |
| Renown South Medical Center | Goods and Services | $          2,446.70 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd                -6-

| Sierra Pathology Associates | Goods and Services | $ | 210.88 |
|---|---|---|---|
| Urology Nevada LTC | Goods and Services | $ | 74.49 |
| Wells Fargo Bank | Judgment | $ | 95,221.35 |
| Zurich | Goods and Services | $ | 7,959.45 |
| Susan Bergstrom Gaub | Accounting Fees | $ | 18,000.00 |
| Phillip Kreitlein | Attorney's Fees | $ | 7,000.00 |
| Bonnie G. Mahan | Attorney's Fees | $ | 20,000.00 |
| James Proctor | Fees of Receiver in Pending Divorce Case | $ | 69,000.00 |
| Richard Schatz | Goods and Services | $ | 4,158.00 |
| Egan Walker | Goods and Services | $ | 5,500.00 |
| **TOTAL** | | **$** | **244,105.01** |

**5.5    Claims Deadline**

In accordance with the Bankruptcy Court's Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines filed on November 6, 2009, the deadline for filing a proof of claim in this action was February 28, 2010, and May 6, 2010 for governmental agencies.

**6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Debtor has no Executory Contracts or Unexpired Leases.

**7.    DESCRIPTION OF PENDING AND COMPLETED LITIGATION**

**7.1    Pre-Petition and Post-Petition Litigation.**  Prior to the filing of the petition, a Judgment was obtained in Second Judicial District Court of the State of Nevada in favor of Wells Fargo Bank on May 14, 2009 in Case Number CV08-00402.  The Judgment is for the sum of $95,221.35 and Debtor agreed to the non-dischargeability of the Judgment; such Judgment is contained in the General Unsecured Creditors' Class (Class 13).

. . . . . . . . . .

. . . . . . . . . .

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd    -7-

1    **8.    SUMMARY OF PLAN OF REORGANIZATION**

2    **THE FOLLOWING IS A BRIEF SUMMARY OF THE PLAN OF**

3    **REORGANIZATION WHICH IS FILED CONCURRENTLY HEREWITH (the**

4    **"Plan"), AND SHOULD NOT BE RELIED UPON FOR VOTING PURPOSES. THE**

5    **SUMMARY IS NOT COMPLETE, AND CREDITORS ARE URGED TO READ THE**

6    **PLAN IN FULL. A COPY OF THE PLAN OF REORGANIZATION WILL BE**

7    **PROVIDED TO ALL CREDITORS.    TO THE EXTENT THE FOLLOWING**

8    **SUMMARY INCLUDES DEFINED TERMS, THOSE DEFINITIONS ARE**

9    **INCLUDED IN THE PLAN FILED CONCURRENTLY HEREWITH. ALL**

10   **CAPITALIZED TERMS HEREINAFTER HAVE THE MEANINGS SET FORTH IN**

11   **THE PLAN.**

12        **8.1    Classification and Treatment of Claims**

13        The Plan designates thirteen (13) classes of claims. Those classes take into account

14   the differing nature and priority of the various classified claims under the Bankruptcy Code.

15        The following table briefly summarizes the classification and treatment of all Claims

16   under the Plan and the consideration distributable on account of such Claims under the Plan.

17   The information set forth in the following table is for convenience of reference only, and

18   each holder of a Claim should refer to the Plan for a full understanding of the classification

19   and treatment of Claims provided for under the Plan. Claims will receive designated

20   treatment within a Class only to the extent Allowed within that class. The Claim allowance

21   procedure is an ongoing process and the actual amount of the Allowed Claims may vary from

22   the estimates. For a complete description of the risks associated with the recoveries provided

23   under the Plan, see Section 11 of the Plan, entitled "Certain Risk Factors To Be Considered."

24

| CLASS | CLAIMS | SUMMARY OF TREATMENT |
|---|---|---|
| Nonclassified | Administrative Expenses | Paid in full on the latest of (a) on or before the Effective Date; (b) when due or such later date as approved by the claimant; or (c) when allowed by Final Order |

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd        -8-

| CLASS | CLAIMS | SUMMARY OF TREATMENT |
|---|---|---|
| Nonclassified | Priority Tax Claims | See Section 8.2 below |
| Class 1 | Secured Claim of BAC Home Loans - 1 (2020 Del Rio) | See Section 8.2 below |
| Class 2 | Secured Claim of BAC Home Loans - 2 (2020 Del Rio) | See Section 8.2 below |
| Class 3 | Secured Claim of Wells Fargo Bank (39900 Forest) | See Section 8.2 below |
| Class 4 | Secured Claim of Evergreen Note Servicing (1590 Clough) | See Section 8.2 below |
| Class 5 | Secured Claim of Indy Mac Federal Bank (248 Lagunitas) | See Section 8.2 below |
| Class 6 | Secured Claim of Seaside Funding Inc. (1983 H Street) | See Section 8.2 below |
| Class 7 | Secured Claim of Ron and Jan Taylor (113 E. Big Bear) | See Section 8.2 below |
| Class 8 | Secured Claim of Wachovia Mortgage - 1 (2725 Seaside) | See Section 8.2 below |
| Class 9 | Wachovia Mortgage - 2 (7245 Great Oak) | See Section 8.2 below |
| Class 10 | Secured Claim of JPMorgan/Chase (2641 William) | See Section 8.2 below |
| Class 11 | Secured Claim of Keybank | See Section 8.2 below |
| Class 12 | Secured Claim of GMAC | See Section 8.2 below |
| Class 13 | Unsecured Claims | See Section 8.2 below |

**8.2    Treatment of Claims and Interests**

**Administrative Claims**

Claims arising during the administration of the Debtor's Chapter 11 case and entitled to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan. Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15)

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-9-

days after entry of an order creating an Allowed Administrative Claim, unless holders of an Allowed Administrative Claim agree to alternative treatment.  Administrative claims may be paid by cash contributions by the Debtor.

**Priority Claims**

All allowed priority claims shall bear interest as allowed by applicable statute and shall be paid by equal quarterly disbursements of not less than $500.00, to be paid in full within six (6) years of the date of assessment.  Such distribution shall be subordinate to the payment of allowed administrative claims and shall be in full satisfaction of all priority claims.

Each creditor class shall be treated as follows:

a)      **Class 1 (BAC-1 Secured Claim) (2020 Del Rio):**

The **BAC-1 Secured Claim** shall be treated under the Plan as follows:

The automatic stay under Section 362 shall terminate as of the Effective Date, and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including foreclosure.

b)      **Class 2 (BAC-2 Secured Claim) (2020 Del Rio):**

The **BAC-2 Secured Claim** shall be treated under the Plan as follows:

The automatic stay under Section 362 shall terminate as of the Effective Date, and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including foreclosure.

c)      **Class 3 (Wells Fargo Bank) (39900 Forest Road):**

The Wells Fargo Secured Claim shall be treated under the Plan as follows:

(A)     **Amount of the Wells Fargo Secured Claim**

The amount of the Wells Fargo Secured Claim shall be equal to the balance owed on the Wells Fargo Note as of the Confirmation Date, including accrued interest and reasonable attorney's fees.

(B)     **Retention of Security Interest in Property and Rents**

Wells Fargo Bank shall retain its security interest in the property and rents as

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd          -10-

1    evidenced by the Wells Fargo Deed of Trust in order to secure the Wells Fargo Note.

2    (C)    <b>Payment of the Wells Fargo Secured Claim</b>

3    The Wells Fargo Secured Claim shall bear interest at the rate of 4.25% per

4    annum from and after the Effective Date, or such other rate as the Court shall determine is

5    appropriate at the Confirmation Hearing (the "Wells Fargo Bank Interest Rate") on or before

6    the 15th day of each month commencing on the 15th day of the next month following the

7    Effective Date, the Debtor shall pay to Wells Fargo the monthly payment.

8    (D)    <b>Payment of the Wells Fargo Note</b>

9    The balance owed on the Wells Fargo Note, together with all accrued interest

10    and fees and costs due thereunder shall be paid on or before seven years following the

11    Effective Date.

12    (E)    <b>Loan Documents Remain in Effect</b>

13    The Wells Fargo Note and the Wells Fargo Deed of Trust shall remain in full

14    force and effect, except as modified or by otherwise inconsistent with the Plan in which event

15    the terms of this Plan shall supersede.

16    (F)    <b>Plan Default</b>

17    In the event of a default by the Debtor under the Plan, and in the event Debtor

18    fails to cure such default within 15 business days after the delivery of notice to the Debtor

19    and Debtor's counsel, Wells Fargo shall be entitled to enforce all of the terms of the Wells

20    Fargo Deed of Trust and the Wells Fargo Note, in addition to all rights available under

21    Nevada law, including, without limitation foreclosure upon the property and the opportunity

22    to credit the entire amount of the Wells Fargo Note at any foreclosure sale.

23    d)    <b>Class 4 (Evergreen Note Servicing) (1590 Clough Rd):</b>

24    The Evergreen Notice Servicing ("Evergreen") Secured Claim shall be treated

25    under the Plan as follows:

26    (A)    <b>Amount of the Evergreen Secured Claim</b>

27    The amount of the Evergreen Secured Claim shall be equal to the balance owed

28    on the Evergreen Note as of the Confirmation Date, including accrued interest and reasonable

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd    -11-

1    attorney's fees.

2                    **(B)      Retention of Security Interest in Property and Rents**

3                    Evergreen shall retain its security interest in the property and rents as evidenced

4    by the Evergreen Deed of Trust in order to secure the Evergreen Note.

5                    **(C)      Payment of the Evergreen Secured Claim**

6                    The Evergreen Secured Claim shall bear interest at the rate of 4.25% per

7    annum from and after the Effective Date, or such other rate as the Court shall determine is

8    appropriate at the Confirmation Hearing (the "Evergreen Interest Rate") on or before the 15th

9    day of each month commencing on the 15th day of the next month following the Effective

10   Date, the Debtor shall pay to Evergreen the monthly payment.

11                   **(D)      Payment of the Evergreen Note**

12                    The balance owed on the Evergreen Note, together with all accrued interest

13   and fees and costs due thereunder shall be paid on or before seven years following the

14   Effective Date.

15                   **(E)      Loan Documents Remain in Effect**

16                   The Evergreen Note and the Evergreen Deed of Trust shall remain in full force

17   and effect, except as modified or by otherwise inconsistent with the Plan in which event the

18   terms of this Plan shall supersede.

19                   **(F)      Plan Default**

20                   In the event of a default by the Debtor under the Plan, and in the event Debtor

21   fails to cure such default within 15 business days after the delivery of notice to the Debtor

22   and Debtor's counsel, Evergreen shall be entitled to enforce all of the terms of the Evergreen

23   Deed of Trust and the Evergreen Note, in addition to all rights available under California

24   law, including, without limitation foreclosure upon the property and the opportunity to credit

25   the entire amount of the Evergreen Note at any foreclosure sale.

26          **e)      Class 5 (Indy Mac Federal Bank) (248 Lagunitas):**

27                   The Indy Mac Federal Bank ("Indy Mac") Secured Claim shall be treated under

28   the Plan as follows:

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd                                    -12-

1   The Debtor will stipulate to an immediate termination of the Section 362

2   automatic stay and allow the creditor to proceed with all its state law remedies, including

3   foreclosure.

4          **f)**     **Class 6 (Seaside Funding Inc.) (1983 H Street):**

5   The Seaside Funding Inc. ("Seaside") Secured Claim shall be treated under

6   the Plan as follows:

7   The Debtor will stipulate to an immediate termination of the Section 362

8   automatic stay and allow the creditor to proceed with all its state law remedies, including

9   foreclosure.

10          **g)**     **Class 7 (Ron and Jan Taylor) (113 E. Big Bear Blvd.):**

11   The Ron and Jan Taylor ("Taylor") Secured Claim shall be treated under the

12   Plan as follows:

13          **(A)**     **Amount of the Taylor Secured Claim**

14   The amount of the Taylor Secured Claim shall be equal to the balance owed

15   on the Taylor Note as of the Confirmation Date, including accrued interest and reasonable

16   attorney's fees.

17          **(B)**     **Retention of Security Interest in Property and Rents**

18   Taylor shall retain its security interest in the property and rents as evidenced

19   by the Taylor Deed of Trust in order to secure the Taylor Note.

20          **(C)**     **Payment of the Taylor Secured Claim**

21   The Taylor Secured Claim shall bear interest at the rate of 4.25% per annum

22   from and after the Effective Date, or such other rate as the Court shall determine is

23   appropriate at the Confirmation Hearing (the "Taylor Interest Rate") on or before the 15th day

24   of each month commencing on the 15th day of the next month following the Effective Date,

25   the Debtor shall pay to Taylor the monthly payment.

26          **(D)**     **Payment of the Taylor Note**

27   The balance owed on the Taylor Note, together with all accrued interest and

28   fees and costs due thereunder shall be paid on or before seven years following the Effective

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-13-

1    Date.

2                    **(E)      Loan Documents Remain in Effect**

3            The Taylor Note and the Taylor Deed of Trust shall remain in full force and

4    effect, except as modified or by otherwise inconsistent with the Plan in which event the terms

5    of this Plan shall supersede.

6                    **(F)      Plan Default**

7            In the event of a default by the Debtor under the Plan, and in the event Debtor

8    fails to cure such default within 15 business days after the delivery of notice to the Debtor

9    and Debtor's counsel, Taylor shall be entitled to enforce all of the terms of the Taylor Deed

10   of Trust and the Taylor Note, in addition to all rights available under California law,

11   including, without limitation foreclosure upon the property and the opportunity to credit the

12   entire amount of the Taylor Note at any foreclosure sale.

13               **h)      Class 8 (Wachovia Mortgage-1) (2725 Seaside):**

14           The Wachovia Mortgage-1 Secured Claim shall be treated under the Plan as

15   follows:

16                   **(A)      Amount of the Wachovia Mortgage-1 Secured Claim**

17           The amount of the Wachovia Mortgage-1 Secured Claim shall be equal to the

18   balance owed on the Wachovia Mortgage-1 Note as of the Confirmation Date, including

19   accrued interest and reasonable attorney's fees.

20                   **(B)      Retention of Security Interest in Property and Rents**

21           Wachovia Mortgage-1 shall retain its security interest in the property and rents

22   as evidenced by the Wachovia Mortgage-1 Deed of Trust in order to secure the Wachovia

23   Mortgage-1 Note.

24                   **(C)      Payment of the Wachovia Mortgage-1 Secured Claim**

25           The Wachovia Mortgage-1 Secured Claim shall bear interest at the rate of

26   4.25% per annum from and after the Effective Date, or such other rate as the Court shall

27   determine is appropriate at the Confirmation Hearing (the "Wachovia Mortgage-1 Interest

28   Rate") on or before the 15th day of each month commencing on the 15th day of the next month

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd          -14-

1  following the Effective Date, the Debtor shall pay to Wachovia Mortgage-1 the monthly

2  payment.

3       **(D) Payment of the Wachovia Mortgage-1 Note**

4      The balance owed on the Wachovia Mortgage-1 Note, together with all

5  accrued interest and fees and costs due thereunder shall be paid on or before seven years

6  following the Effective Date.

7       **(E) Loan Documents Remain in Effect**

8      The Wachovia Mortgage-1 Note and the Wachovia Mortgage-1 Deed of Trust

9  shall remain in full force and effect, except as modified or by otherwise inconsistent with the

10  Plan in which event the terms of this Plan shall supersede.

11       **(F) Plan Default**

12      In the event of a default by the Debtor under the Plan, and in the event Debtor

13  fails to cure such default within 15 business days after the delivery of notice to the Debtor

14  and Debtor's counsel, Wachovia Mortgage-1 shall be entitled to enforce all of the terms of

15  the Wachovia Mortgage-1 Deed of Trust and the Wachovia Mortgage-1 Note, in addition to

16  all rights available under California law, including, without limitation foreclosure upon the

17  property and the opportunity to credit the entire amount of the Wachovia Mortgage-1 at any

18  foreclosure sale.

19      **i) Class 9 (Wachovia Mortgage-2) ( 7245 Great Oak):**

20      The automatic stay under Section 362 shall terminate as of the Effective Date,

21  and the Class 1 creditor shall be allowed to proceed with all its state law remedies, including

22  foreclosure.

23      **j) Class 10 (JPMorgan/Chase) (2641 William Ave):**

24      The JPMorgan/Chase Secured Claim shall be treated under the Plan as follows:

25      **(A) Amount of the JPMorgan/Chase Secured Claim**

26      The amount of the JPMorgan/Chase Secured Claim shall be equal to the

27  balance owed on the JPMorgan/Chase Note as of the Confirmation Date, including accrued

28  interest and reasonable attorney's fees.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-15-

**(B)      Retention of Security Interest in Property and Rents**

JPMorgan/Chase shall retain its security interest in the property and rents as evidenced by the JPMorgan/Chase Deed of Trust in order to secure the JPMorgan/Chase Note.

**(C)      Payment of the JPMorgan/Chase Secured Claim**

The JPMorgan/Chase Secured Claim shall bear interest at the rate of 4.25% per annum from and after the Effective Date, or such other rate as the Court shall determine is appropriate at the Confirmation Hearing (the "JPMorgan/Chase Interest Rate") on or before the 15th day of each month commencing on the 15th day of the next month following the Effective Date, the Debtor shall pay to JPMorgan/Chase the monthly payment.

**(D)      Payment of the JPMorgan/Chase Note**

The balance owed on the JPMorgan/Chase Note, together with all accrued interest and fees and costs due thereunder shall be paid on or before seven years following the Effective Date.

**(E)      Loan Documents Remain in Effect**

The JPMorgan/Chase Note and the JPMorgan/Chase Deed of Trust shall remain in full force and effect, except as modified or by otherwise inconsistent with the Plan in which event the terms of this Plan shall supersede.

**(F)      Plan Default**

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within 15 business days after the delivery of notice to the Debtor and Debtor's counsel, JPMorgan/Chase shall be entitled to enforce all of the terms of the JPMorgan/Chase Deed of Trust and the JPMorgan/Chase Note, in addition to all rights available under California law, including, without limitation foreclosure upon the property and the opportunity to credit the entire amount of the JPMorgan/Chase at any foreclosure sale.

**k)      Class 11 (Keybank):**

The Keybank Secured Claim shall be treated under the Plan as follows:

1    **(A)    Amount of the Keybank Secured Claim**

2    The amount of the Keybank Secured Claim shall be equal to the balance owed

3    on the Keybank Note as of the Confirmation Date, including accrued interest and reasonable

4    attorney's fees.

5    **(B)    Retention of Security Interest in Collateral**

6    Keybank shall retain its security interest in the collateral as evidenced by the

7    Keybank Security Interest in order to secure the Keybank Note.

8    **(C)    Payment of the Keybank Secured Claim**

9    The Keybank Secured Claim shall bear interest at the rate of 4.25% per annum

10    from and after the Effective Date, or such other rate as the Court shall determine is

11    appropriate at the Confirmation Hearing (the Keybank Interest Rate") on or before the 15[th]

12    day of each month commencing on the 15th day of the next month following the Effective

13    Date, the Debtor shall pay to Keybank the monthly payment in the amount of $___.

14    **(D)    Payment of the Keybank Note**

15    The balance owed on the Keybank Note, together with all accrued interest

16    and fees and costs due thereunder shall be paid on or before 36 months following the

17    Effective Date.

18    **(E)    Loan Documents Remain in Effect**

19    The Keybank Note and the Keybank Security Interest shall remain in full force

20    and effect, except as modified or by otherwise inconsistent with the Plan in which event the

21    terms of this Plan shall supersede.

22    **(F)    Plan Default**

23    In the event of a default by the Debtor under the Plan, and in the event Debtor

24    fails to cure such default within 15 business days after the delivery of notice to the Debtor

25    and Debtor's counsel, Keybank shall be entitled to enforce all of the terms of the Keybank

26    Security Interest and the Keybank Note, in addition to all rights available under Nevada law.

27    **l)    Class 12 (GMAC):**

28    The GMAC Secured Claim shall be treated under the Plan as follows:

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-17-

1

**(A)    Amount of the GMAC Secured Claim**

2      The amount of the GMAC Secured Claim shall be equal to the balance owed

3 on the GMAC Note as of the Confirmation Date, including accrued interest and reasonable

4 attorney's fees.

5

**(B)    Retention of Security Interest in Property and Rents**

6      GMAC shall retain its security interest in the collateral as evidenced by the

7 GMAC Security Interest in order to secure the GMAC Note.

8

**(C)    Payment of the GMAC Secured Claim**

9      The GMAC Secured Claim shall bear interest at the rate of 4.25% per annum

10 from and after the Effective Date, or such other rate as the Court shall determine is

11 appropriate at the Confirmation Hearing (the GMAC Interest Rate") on or before the 15th day

12 of each month commencing on the 15th day of the next month following the Effective Date,

13 the Debtor shall pay to  GMAC the monthly payment.

14

**(D)    Payment of the GMAC Note**

15      The balance owed on the GMAC Note, together with all accrued interest and

16 fees and costs due thereunder shall be paid on or before 36 months following the Effective

17 Date.

18

**(E)    Loan Documents Remain in Effect**

19      The GMAC Note and the  GMAC Security Interest shall remain in full force

20 and effect, except as modified or by otherwise inconsistent with the Plan in which event the

21 terms of this Plan shall supersede.

22

**(F)    Plan Default**

23      In the event of a default by the Debtor under the Plan, and in the event Debtor

24 fails to cure such default within 15 business days after the delivery of notice to the Debtor

25 and Debtor's counsel, GMAC shall be entitled to enforce all of the terms of the GMAC

26 Security Interest and the  GMAC Note, in addition to all rights available under Nevada law.

27

**m)    Class 13 (Unsecured Claims):**

28      Allowed unsecured claims shall receive quarterly disbursements of the Surplus

Law Offices of
**ALAN R. SMITH**
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd            -18-

1  Net Income, commencing on the latter of the first day of the third month following the

2  Effective Date, and continuing on a like day of every third month thereafter. Debtor will

3  make a minimum disbursement of $5,000.00 quarterly. To the extent the Debtor is unable

4  to make such payment from cash flows, the members shall contribute the sums necessary to

5  make such payment.

6      **8.3    Means of Implementing and Funding The Plan**

7          **a)    Property to be Sold**

8      The Debtor shall undertake one or more of the following actions to assure compliance

9  with the payment provisions under the Plan;

10      a)    The Debtor shall immediately list for sale the property at 248 Lagunita Lane,

11          Big Bear Lake, California (the Indy Mac property). The Debtor will list the

12          Property for sale with a licensed real estate broker. The listing amount will be

13          determined by the Debtor, but shall be in a minimum amount to pay Indy Mac

14          and the unsecured creditor claims in full. Unless otherwise agreed by Indy

15          Mac, any proposed sale shall be conducted in accordance with the provisions

16          of Section 363(b) of the Bankruptcy Code, including notice as required under

17          Federal Rule of Bankruptcy Procedure 2002(a)(2) to all interested parties,

18          including Indy Mac and the unsecured creditors, and shall provide for and

19          allow Indy Mac to credit bid the full amount owed under the Indy Mac Note,

20          including accrued interest and reasonable attorney's fees and costs. The

21          Debtor anticipates that any sale will net sufficient sums to pay the entire

22          balance owed under the Indy Mac Note, and to pay the unsecured creditors in

23          full. Any sale under this provision shall be consummated on or before two (2)

24          years following the Effective Date. There shall be no county or state transfer

25          taxes associated with any sale under this Plan in accordance with 11 U.S.C. §

26          1146.

27      b)    Upon the sale of the Indy Mac property should there be any unpaid unsecured

28          creditors Debtor agrees to sell the following properties in the following order

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd

-19-

1    in order to satisfy outstanding creditor claims: (a) 113 E. Big Bear Blvd. (The

2    Taylor Secured Claim); 1983 H Street South Lake Tahoe (the Seaside Secured

3    Claim).

4    **c)    Disputed Claims**

5    All sums contemplated to be paid under the Plan to creditors whose claims are not

6    liquidated or are disputed shall be paid into a segregated trust account until such claims are

7    an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be

8    disallowed.

9    **d)    Revesting of Assets in the Debtor**

10    Upon confirmation of the Plan, all property of the estate shall be revested in the

11    Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized

12    Debtor free and clear of all claims and interests of the creditors, except as set forth in the

13    Plan.

14    **e)    Disbursing Agent**

15    The Debtor will serve as disbursing agent and shall disburse all property to be

16    distributed under the Plan.  The disbursing agent may employ or contract with other entities

17    to assist in or to perform the distribution of the property and shall serve without bond.

18

19    **9.    POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR**

20    Following Plan confirmation, the Debtor believes that its post-confirmation financial

21    condition shall be as set forth in the Post-Petition Balance Sheet attached hereto as

22    **Exhibit "A."**

23

24    **10.    ALTERNATIVES TO THE PLAN**

25    The Debtor believes that the Plan provides its creditors with the earliest and greatest

26    possible value that can be realized on their claims.

27    Under § 1121 of the Bankruptcy Code, the Debtor has the exclusive right to file a plan

28    of reorganization during the first 120 days after commencement of its Chapter 11 case, or as

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd          -20-

otherwise extended by the Court.  The Debtor requested a 60-day extension of its exclusivity period, which the Court granted on August 19, 2009.  The Plan was filed within such 180 day period.  In addition, if the Plan is not accepted, other parties in interest may have an opportunity to file an alternative plan of reorganization.

Alternatively, a liquidation of the Debtor's assets could be conducted as described in Section 13 of this Disclosure Statement.  For the reasons described in that section, Debtor believes that the distribution to each impaired class under the Plan will be greater and earlier than distributions that might be received in a Chapter 7 liquidation of the Debtor's assets.

**11.     CERTAIN RISKS TO BE CONSIDERED**

HOLDERS OF CLAIMS AGAINST THE DEBTOR SHOULD READ AND CONSIDER CAREFULLY THE FACTORS SET FORTH BELOW, AS WELL AS THE OTHER INFORMATION SET FORTH IN THIS DISCLOSURE STATEMENT (AND THE DOCUMENTS ATTACHED OR DELIVERED HEREWITH AND/OR INCORPORATED HEREIN BY REFERENCE), IN DETERMINING WHETHER OR NOT TO ACCEPT OR REJECT THE DEBTOR'S PLAN. THESE RISK FACTORS SHOULD NOT, HOWEVER, BE REGARDED AS CONSTITUTING THE ONLY RISKS INVOLVED IN CONNECTION WITH THE PLAN AND ITS IMPLEMENTATION.

**11.1     Risk of Non-Confirmation of the Plan**

Although the Debtor believes that the Plan will satisfy all requirements necessary for confirmation by the Bankruptcy Court, there can be no assurance that the Bankruptcy Court will reach the same conclusion.  Moreover, there can be no assurance that modifications to the Plan will not be required for confirmation, or that such modifications would not necessitate the re-solicitation of votes.

**11.2     Tax Consequences of the Plan**

The Debtor believes that there are no federal income tax consequences peculiar to its Plan. EACH HOLDER OF A CLAIM IS STRONGLY URGED TO CONSULT WITH HIS/HER TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\Plan & DS\DS 121710-mhm.wpd                -21-

1    FOREIGN TAX CONSEQUENCES OF THE PLAN.

2        **11.3    Estimated Amounts**

3        The valuations provided on the Debtor's schedules were based on the estimates of the

4    Debtor, and its members, based on knowledge of the indoor tanning industry.   Those

5    estimates are a reflection of the Debtor's best subjective valuation at the time.   The

6    liquidation value of used personal property is generally far below fair market value, further

7    compounding the ability to accurately determine the value fo the Debtor's personal property

8    assets.

9        **11.4    Liquidation Analysis**

10        Should the Debtor be forced to terminate its business operations or convert its case

11    to Chapter 7 and have a trustee conduct the liquidation of its assets, Debtor estimates that

12    such a liquidation will result in distributions, as specifically set forth in **Exhibit "B"** attached

13    hereto.  Underlying the liquidation analysis are a number of estimates and assumptions that,

14    although developed and considered reasonable by the Debtor, are inherently subject to

15    economic uncertainties and contingencies beyond the control and knowledge of the Debtor.

16    Accordingly, there can be no assurance that the values assumed in the liquidation analysis

17    would be realized if the Estates were liquidated under Chapter 7.  In addition, any liquidation

18    that would be undertaken would necessarily take place in future circumstances which cannot

19    currently be predicted.  Therefore, while the liquidation analysis is necessarily present with

20    numerical specificity, if the Estate was liquidated under Chapter 7, the actual liquidation

21    proceeds could vary, perhaps substantially, from the amounts set forth in Exhibit "B."  No

22    representation or certainty can be or is being made with respect to the actual proceeds that

23    could be received in a Chapter 7 liquidation.  Nothing contained in the liquidation analysis

24    is intended or may constitute a concession or admission by the Debtor for any other purpose.

25        DATED this 17th day of December, 2010.

26        LAW OFFICES OF ALAN R. SMITH

27        By:_____/s/ Alan R. Smith_____
                  ALAN R. SMITH, ESQ.
28                Attorney for Debtor