ALAN R. SMITH, ESQ. #1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**Email: mail@asmithlaw.com**

*ELECTRONICALLY FILED*
*February 14, 2011*

Attorney for Debtors
JOSEPH WAYNE ARRIOLA
and PRO BODY AND FRAME, INC.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

JOSEPH W. ARRIOLA, aka
WAYNE ARRIOLA, dba
AMERICAN DETAIL AND BUMPER
REPAIR, fdba AMERICAN
FIBREGLASS AND AUTO BODY,
_____/

PRO BODY AND FRAME, INC.,
a Nevada corporation,

          Debtors.
_____/

Case No. BK-N-09-53905-GWZ (Lead)
Case No. BK-N-09-52900-GWZ
Chapter 11 Cases

[Joint Administration]

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Hearing Date:  March 1, 2011
Hearing Time:  10:00 a.m.

Debtor, Joseph "Wayne" Arriola, Sr., by and through his counsel, Alan R. Smith, Esq., of the Law Offices of Alan R. Smith, hereby opposes the Motion For Relief From Automatic Stay filed by Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Structured Asset Mortgage Investments II Trust 2007-AR4, Mortgage Pass-Through Certificates, Series 2007-AR-4 [Docket #130] on January 25, 2011 (the "Motion").  This Opposition is based upon the Points and Authorities set forth below, the pleadings and papers on file in this case, and such other matters as may be presented at the hearing hereon.

/ / /

/ / /

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\MRS (Big Bear CA)\opp mrs wfb 021310-plt.wpd

**POINTS AND AUTHORITIES**

Wells Fargo Bank (the "Bank") seeks relief from the stay to enforce a note and deed of trust against the Debtor's real property located at 39900 Forest Drive, Big Bear Lake, California 92315 (the "Property").[1] For the reasons set forth below, the relief requested should be denied.

### 1. Lack of Standing

The Bank lacks standing to bring this Motion against the Debtor. Under California law, a negotiable promissory note is enforceable by (1) the holder of the note, or (2) a non-holder in possession of the note who has the rights of a holder. Cal. Com. Code § 3301. Thus, if a party is not the holder of a note, then to enforce it the party must be a transferee in possession who is entitled to the rights of the holder or have authority under state law to act for the holder. In re Hawkins, 2009 Bankr. Lexis 877 (Bankr. Nev., March 31, 2009). Simply being a beneficiary or having an assignment of a deed of trust is not enough to be entitled to foreclose on a deed of trust. Id.

Here, the Bank is not named as the payee under the subject promissory note and deed of trust. Those documents, copies of which are attached to the Motion, name Guild Mortgage Company, a California Corporation, as the beneficiary under the promissory note, and MERS, Inc., acting solely as nominee for Guild Mortgage Company, as beneficiary under the deed of trust. The Bank has not produced an assignment or any other document showing that Guild Mortgage Company assigned its beneficial interest in the promissory note to the Bank, nor has it provided evidence that it is in possession of the original note. Instead, the promissory note (attached to the Motion) is endorsed to

---

[1] For the reasons set forth in this Opposition, as well as other reasons which may be asserted in the future, the Debtor disputes the secured claim of Wells Fargo, and intends to file a formal objection to its claim, as well as appropriate amendments to his petition. By filing this Opposition, the Debtor does not concede that there is an obligation due and owing under the note and deed of trust, either to Wells Fargo, the original beneficiary, or any other party, and reserves all right to dispute the alleged obligation.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\MRS (Big Bear CA)\opp mrs wfb 021310-plt.wpd    - 2 -

1  American Home Mortgage, not Wells Fargo Bank. The assignment is without recourse and
2  is undated. There is no assignment from American Home Mortgage to the Bank.
3  Therefore, in order to obtain relief against the Debtor, the Bank must provide evidence that
4  the underlying debt is owing to it, and evidence of its security interest in the Debtor's
5  Property. *See*, In re Vargas, 396 B.R. 511, 519 (Bankr. C.D. Cal. 2008). Authentication
6  is a condition to the admissibility of such evidence. Id.

7  Although the Bank has no interest in the promissory note, it has produced a
8  "Corporation Assignment of Deed of Trust" (attached to the Motion) purportedly executed
9  on January 19, 2011 by "Mortgage Electronic Registration System, Inc.[2], as nominee for
10 Guild Administration Corp." (hereinafter "MERS"), which allegedly assigned to the Bank
11 "all beneficial interest" in the deed of trust. Guild Administration Corp. is listed as the
12 Trustee on the original deed of trust and is not the beneficiary under either the note or
13 deed of trust. The Bank has not produced any evidence, nor has it provided any legal
14 authority, which granted MERS (as nominee for the Trustee) the power to assign the
15 beneficial interest of the original beneficiary or its assignee, America Home Mortgage,
16 under the deed of trust to the Bank. The deed of trust itself only provides MERS with legal
17 title to the interests granted by the borrower. There is no provision in the deed of trust
18 which allows MERS to transfer the lender's beneficial interest in the deed of trust.
19 Nevertheless, even if the deed of trust was properly transferred, it is a nullity without
20 transfer of the promissory note. See In re Walker, 2010 Bankr. LEXIS 3781 (Bankr. E.D.
21 Cal., May 20, 2010) (where there was no indication that the originator endorsed and
22 transferred the note, the nominee's lack of ownership of the note rendered void the
23 attempted transfer of a beneficial interest in the deed of trust); In re Vargas, 396 B.R. at
24 517; In re Wilhelm, 407 B.R. 392 (Bankr. C.D. Idaho 2009).

---

[2] MERS, Inc. is an entity whose sold purpose is to act as mortgagee of record for mortgage loans that are registered on the MERS System. This system is a national electronic registry of mortgage loans, itself owned and operated by MERS, Inc.'s parent company, MERSCORP, Inc. In re Vargas, 396 B.R. at fn. 10.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\MRS (Big Bear CA)\opp mrs wfb 021310-plt.wpd      - 3 -

1    Wells Fargo has not provided any evidence that it is the true holder of the note or
2    that it has any right to enforce the note and deed of trust.  Unless and until it can do so, the
3    Bank lacks standing to seek relief from this Court.

**2.    There Is No Basis For Relief**

Notwithstanding the foregoing, the Bank is not entitled to relief from the stay pursuant to 11 U.S.C. § 362(d).  No only has it failed to provide points and authorities as required by Local Rule 9014(c)(1), it has failed to adequately explain the basis for the relief requested.

Even *arguendo* if the Bank had standing to request relief under § 362(d) (which the Debtor denies), there is no basis for relief.  The Bank has not produced any evidence concerning the value of the Property, but concedes to the Debtor's estimated value of $798,000.00.  Because the Bank claims it is owed only $656,745.95, it therefore acknowledges an equity cushion in the amount of $142,000 or 22 percent.  The Debtor disputes the amount allegedly owed to the Bank as being overstated.  Instead of producing a valid accounting, the Bank has merely taken the original amount of the note owed to Guild Mortgage Company and added $42,912.28 in payments, late charges and costs incurred since the Debtor's default.  It has failed to account for payments made by the Debtor between 2007 and December, 2009, or take into account interest and principal reduction.  The Bank acknowledges that its accounting is not accurate and has stated that it will provide an update of the alleged amount owing upon request.  Debtor submits that the account should have been accurately stated in the Motion in order to provide the Debtor with a full opportunity to respond.  Without an accurate accounting, it is difficult to if not impossible to determine the actual equity in the Property.

Notwithstanding, the Bank is adequately protected.  It is well established that an equity cushion is an acceptable method of adequate protection, and may even serve as the sole basis for adequate protection.  In re McCombs Properties VI, Ltd., 88 B.R. 261 (Bankr. C.D. Cal 1988); In re Mellor, 734 F.2d 1396 (9th Cir. 1984); In re Boulders On The River, 164 B.R. 99 (9th Cir. BAP 1994).  In the Ninth Circuit, an equity cushion of 10% has

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Arriola\MRS (Big Bear CA)\opp mrs wfb 021310-plt.wpd        - 4 -

been deemed to satisfy the adequate protection standard. In re Mellor, *supra*, at 1401; *see also*, In re Boulders On The River, *supra*, at 104 (11.45% cushion provided sufficient adequate protection).

In addition, there is also no basis for relief under § 362(d)(2). In order to obtain relief under this subsection, the Court must find there is no equity in the Property **and** the Property is not necessary to an effective reorganization. The Bank has already admitted there is substantial equity in the Property. The Bank's allegation the Property lacks equity because of a junior lien is simply false, as there is no second deed of trust against the Property.

Finally, the Bank has not denied that the Property is necessary for an effective reorganization. In fact, the Bank has not even addressed § 362(d)(2). The Debtor has filed a First Amended Plan of Reorganization which provides for retention of the Property and treatment of the claim. Because of the equity in the Property, the Property is necessary to the Debtor's effective reorganization.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Bank's Motion be denied.

LAW OFFICES OF ALAN R. SMITH

By:  */s/ Alan R. Smith*
ALAN R. SMITH, ESQ.
Attorney for Debtors

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Arriola\MRS (Big Bear CA)\opp mrs wfb 021310-plt.wpd    - 5 -